Marylee Jenkins (MJ-6698)
Eric Roman (ER-7928)
ARENT FOX LLP
1675 Broadway
New York, NY 10019-5820
Telephone: (212) 484-3900
Fax: (212) 484-3990
*Marylee.jenkins@arentfox.com*
*Eric.roman@arentfox.com*

M. John Carson (Cal. Bar No. 41285, *pro hac vice pending*)
Jerrold Abeles (Cal. Bar No. 138464, *pro hac vice pending*)
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone: (213) 629-7400
Fax: (213) 629-7401
*John.carson@arentfox.com*
*Jerry.abeles@arentfox.com*

*Attorneys for Plaintiffs*
*El Cholo, Inc., and The Restaurant Business, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EL CHOLO, INC., and THE RESTAURANT BUSINESS, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> EL CHOLO PERUVIAN RESTAURANT LLC, <br><br> Defendant. | Civil Action No. _____ <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR**
**SERVICE MARK INFRINGEMENT (15 U.S.C. § 1114),**
**FALSE DESIGNATION (15 U.S.C. § 1125),**
**COMMON LAW UNFAIR COMPETITION, AND**
**DECEPTIVE TRADE PRACTICES (N.Y. BUS. LAW § 349-350)**

For its complaint against Defendant El Cholo Peruvian Restaurant ("Defendant"),

Plaintiffs El Cholo, Inc. and The Restaurant Business, Inc. ("Plaintiffs") allege as follows:

1. This action arises under the Lanham Trademark Act, 15 U.S.C. § 1051 *et seq.*, and more particularly under 15 U.S.C. §§ 1114, 1116 and 1125, under New York General Business Law §§ 349-350, and under the common law.

2. This Court has jurisdiction by virtue of 28 U.S.C. §§ 1331, 1332 and 1338, and 15 U.S.C. § 1121, and the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the parties are of diverse citizenship.

3. Venue is proper under 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred in this District.

4. Plaintiffs El Cholo, Inc., and The Restaurant Business, Inc. are corporations organized and existing under and by virtue of the laws of the State of California, and maintain their principal office and place of business at 21121 South Western Avenue, Los Angeles, California 90006. Among other locations, Plaintiffs sell their products under their service marks in the State of New York.

5. On information and belief, Defendant El Cholo Peruvian Restaurant LLC is a corporation organized and existing under the laws of the State of New York, and having its principal offices and places of business at 49 Norwood Ave., Staten Island, New York and 98 Victory Blvd., Staten Island, New York.

6. On or about 1927, Plaintiffs began use, in California and in interstate commerce, of its **EL CHOLO** service mark in conjunction with its restaurant services. Such use has been continuous and not abandoned to this very day.

7. Plaintiffs are the owner of United States Service Mark Registrations for **EL CHOLO**, for restaurant services and catering services as listed in Exhibit A along with copies of the corresponding registration certificates attached hereto. These registrations are valid, and continue in force today. These service mark registrations are incontestable.

8. Despite Plaintiffs' prior established rights in and to the **EL CHOLO** service marks, and without Plaintiffs' permission, Defendant is providing restaurant services under the infringing name "**EL CHOLO PERUVIAN RESTAURANT**" in the State of New York.

9. Defendant is promoting the name "**EL CHOLO PERUVIAN RESTAURANT**" in social media, including, but not limited to, a page on the Facebook social network at https://www.facebook.com/pages/El-Cholo-Peruvian-Restaurant/612292148817000. Printouts of Defendant's Facebook page are attached hereto as Exhibit B.

10. Defendant is promoting the name "**EL CHOLO PERUVIAN RESTAURANT**" on the Internet, including, but not limited to, promoting the name on websites controlled by Defendant at the domain names elcholoperuvian.com and elcholoperuvianrestaurant.net (individually and collectively the "Defendant's Domain Names"). Printouts of the home pages accessible at Defendant's Domain Names are attached hereto as Exhibit C.

11. Defendant also is promoting the name "**EL CHOLO PERUVIAN RESTAURANT**" on the Internet, including, but not limited to, promoting the name in online restaurant directories, including, but not limited to, the online restaurant directories on the websites accessible at: www.whereyoueat.com, www.urbanspoon.com, www.eatstreet.com, www.grubhub.com, www.eat24hours.com, and www.yelp.com. Printouts of the webpages promoting the "**EL CHOLO PERUVIAN RESTAURANT**" via these online restaurant directories are attached hereto as Exhibit D.

12. On or about September 2, 16, 17, 23 and 30, 2014, Plaintiffs' counsel gave actual notice in writing to Defendant and also orally, informing them of Plaintiffs' ownership of the above-referenced **EL CHOLO** service marks and demanding that Defendant cease and desist from infringing said service marks. True and correct copies of written correspondence are attached hereto as Exhibit E.

13. Defendant refuses to cease such infringing activities and continues to provide and promote a restaurant under the "**EL CHOLO PERUVIAN RESTAURANT**" name despite receiving the actual notices referred to in the preceding paragraphs.

## FIRST CLAIM

## SERVICE MARK INFRINGEMENT UNDER SECTION 32 OF THE LANHAM ACT

14. Plaintiffs hereby incorporate by reference paragraphs 1-13 of this Complaint, as though fully set forth herein.

15. Defendant's use of the name "**EL CHOLO PERUVIAN RESTAURANT**," without Plaintiffs' consent, in commerce, in connection with the sale, offering for sale, and advertising of restaurant services, is likely to cause confusion, or to cause mistake, or to deceive consumers.

16. Defendant's acts, as alleged above, constitute service mark infringement under Section 32 of the Lanham Act (15 U.S.C. § 1114).

17. Plaintiffs are informed and believe, and on that basis allege, that Defendant has had actual as well as constructive knowledge of Plaintiffs' prior use and exclusive rights in its **EL CHOLO** service marks, due to the above-referenced registrations, and the communications with Defendant set forth in Paragraph 7 above. Accordingly, Defendant willfully and deliberately infringed Plaintiffs' exclusive rights in Plaintiffs' service marks. Plaintiffs are

entitled to recover Defendant's profits, damages sustained by Plaintiffs, Plaintiffs' costs of this action, and Plaintiffs' trebled damages, pursuant to 15 U.S.C. § 1117.

18. Defendant's infringement of Plaintiffs' **EL CHOLO** service marks, unless enjoined, will continue and will cause irreparable harm to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

19. As a direct and proximate result of Defendant's above-described acts of service mark infringement, Plaintiffs have suffered damages in an amount to be proven at trial in excess of the jurisdictional limits of 28 U.S.C. § 1332(a).

## SECOND CLAIM

## FALSE DESIGNATION UNDER 43(A) OF THE LANHAM ACT

20. Plaintiffs hereby incorporate by reference paragraphs 1-19 of this Complaint, as though fully set forth herein.

21. Defendant's use in commerce of the name "**EL CHOLO PERUVIAN RESTAURANT**" is likely to cause confusion, or to cause mistake, or to deceive, as to the affiliation, connection, or association of Defendant with Plaintiffs, or as to the origin, sponsorship or approval of Defendant's services or commercial activities by Plaintiffs, contrary to fact.

22. Defendant's acts, as alleged, constitute false designation of origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

23. Defendant's acts, as alleged, have been willful, wanton, malicious and oppressive or were committed with a reckless disregard for the rights of Plaintiffs. Plaintiffs are entitled to recover Defendant's profits, damages sustained by Plaintiffs, Plaintiffs' costs of this action, and Plaintiffs' trebled damages, pursuant to 15 U.S.C. § 1117.

24. Defendant's above-referenced acts, unless enjoined, will continue and will cause irreparable harm to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

25. As a direct and proximate result of Defendant's above-referenced acts, Plaintiffs have suffered damages in an amount to be proven at trial in excess of the jurisdictional limits of 28 U.S.C. §1332(a).

## THIRD CLAIM

## CYBERPIRACY UNDER 43(D) OF THE LANHAM ACT

26. Plaintiffs hereby incorporate by reference paragraphs 1-25 of this Complaint, as though fully set forth herein.

27. Defendant has committed cyberpiracy in violation of Section 43(d) of the Lanham Act, 15 USC §1125(d), by registering and/or using Defendant's Domain Names.

28. Plaintiffs' **EL CHOLO** service marks are federally registered and entitled to protection under federal law, Plaintiffs' **EL CHOLO** service marks are inherently distinctive and were used in commerce prior to Defendant's registration and/or use of Defendant's Domain Names.

29. Defendant has used and continues to use Defendant's Domain Names via corresponding web sites to promote and advertise its restaurant. See Exhibit C.

30. Defendant's Domain Names are confusingly similar to Plaintiffs' **EL CHOLO** service marks by the incorporation of Plaintiffs' mark **EL CHOLO** in its entirety.

31. Upon information and belief, Defendant uses Defendant's Domain Names with a bad faith intent to profit from Plaintiffs' distinctive **EL CHOLO** service marks and the goodwill associated therewith.

32. Defendant's cyberpiracy has, and unless enjoined, will continue to cause substantial and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation associated with Plaintiffs' **EL CHOLO** service marks.

33. As a direct and proximate result of Defendant's above-referenced acts, Plaintiffs have suffered damages in an amount to be proven at trial in excess of the jurisdictional limits of 28 U.S.C. § 1332(a).

## FOURTH CLAIM

## COMMON LAW UNFAIR COMPETITION

34. Plaintiffs hereby incorporate by reference paragraphs 1-33 of this Complaint, as though fully set forth herein.

35. Defendant's deliberate imitation and copying of the "**EL CHOLO**" service marks is without the permission of Plaintiffs, and Defendant's use of the "**EL CHOLO**" service marks constitutes common law unfair competition and is unlawful.

36. Defendant's above-referenced acts of unfair competition have damaged and irreparably harmed Plaintiffs. Unless enjoined, such acts will continue and will continue to cause irreparable harm to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

37. As a direct and proximate result of Defendant's above-referenced acts, Plaintiffs have suffered damages in an amount to be proven at trial in excess of the jurisdictional limits of 28 U.S.C. § 1332(a).

## FIFTH CLAIM

### DECEPTIVE TRADE PRACTICES UNDER N.Y. GEN. BUS. LAW §§ 349-350

38. Plaintiffs hereby incorporate by reference paragraphs 1-37 of this Complaint, as though fully set forth herein.

39. Defendant's commercial use of the **"EL CHOLO PERUVIAN RESTAURANT"** name represents a deliberate attempt to mislead consumers because Defendant is causing a likelihood of confusion or of misunderstanding as to Defendant's goods and services having a source in, or the sponsorship, approval or certification of Plaintiffs, or as being affiliated, connected or associated with Plaintiffs, and are otherwise engaging in conduct which creates a likelihood of confusion between Plaintiffs' and Defendant's products and services, creating misunderstandings of the source of Defendant's products and services as being Plaintiffs' products and services.

40. Defendant's acts, as alleged, constitute deceptive acts or practices in the conduct of a business, trade or commerce in violation of New York General Business Law §§ 349-350.

41. Defendant's above-referenced acts of deceptive trade practices have damaged and irreparably harmed Plaintiffs. Unless enjoined, such acts will continue and will continue to cause irreparable harm to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

42. As a direct and proximate result of Defendant's above-referenced acts, Plaintiffs have suffered damages in an amount to be proven at trial in excess of the jurisdictional limits of 28 U.S.C. § 1332(a).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment on their Complaint as follows:

1. For an order entering judgment that Defendant has infringed Plaintiffs' **EL**

**CHOLO** service marks, under Section 32 of the Lanham Act (15 U.S.C. § 1114);

2. For an order entering judgment that Defendant has violated Section 43(a) of the Lanham Act (15 U.S.C. §1125(a));

3. For an order entering judgment that Defendant has engaged in cyberpiracy in violation of Section 43(d) of the Lanham Act (15 U.S.C. §1125(d));

3. For an order entering judgment that Defendant has violated the common law by its acts of unfair competition;

4. For an order entering judgment that Defendant has violated Sections 349-350 of the New York General Business Law;

5. For an order preliminarily and permanently enjoining Defendant, its agents and representatives, and all persons acting in concert or participating with it, from using Plaintiffs' **EL CHOLO** service marks, the name "**EL CHOLO**," any other mark containing the mark "**EL CHOLO**," or any other confusingly similar mark or other colorable imitation of Plaintiffs' **EL CHOLO** service mark, in connection with any restaurant or food services in any manner or media;

6. For an order directing the transfer of Defendant's Domain Names to Plaintiffs;

7. For compensatory damages according to proof at trial and interest thereon, at least in excess of $100,000.00;

8. For punitive and exemplary damages, including treble damages, statutory damages and reasonable attorneys' fees;

9. For all costs of suits incurred herein, including Plaintiffs' attorneys fees; and

10. For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all matters that can be tried to a jury.

Dated: December 3, 2014

Respectfully submitted,

ARENT FOX LLP

By: _____
Marylee Jenkins (MJ-6698)
Eric Roman (ER-7928)
1675 Broadway
New York, NY 10019-5820
Telephone: (212) 484-3900
Fax: (212) 484-3990
*Marylee.jenkins@arentfox.com*
*Eric.roman@arentfox.com*

M. John Carson (*pro hac vice pending*)
Jerrold Abeles (*pro hac vice pending*)
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone: (213) 629-7400
Fax: (213) 629-7401
*John.carson@arentfox.com*
*Jerry.abeles@arentfox.com*

*Attorneys for Plaintiffs*
*El Cholo, Inc., and The Restaurant Business, Inc.*